# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JIMMY HOFFMEYER,                                          Case No.
as NEXT OF FRIEND
of JURNEE HOFFMEYER,                                      Hon.

      Plaintiffs,

vs

MOUNT PLEASANT PUBLIC SCHOOLS,
LIBRARIAN MOGGS, and TEACHER
ASSISTANT JACOBS,
in their individual and official capacities,
jointly and severally,

      Defendants.
_____/

**Herbert A. Sanders (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for Plaintiff
615 Griswold St. Suite 913
Detroit, MI  48226
haslawpc@gmail.com
Phone:  (313) 962-0099
Fax: (313) 962-0044

**Shawndrica N. Simmons (P70608)**
SIMMONS LEGAL DBA THE LAWCHIC
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (Phone)
simmonslegal@LawChic.com
_____/

## COMPLAINT
## AND JURY DEMAND

**NOW COMES** Plaintiff, Jimmy Hoffmeyer, as Next of Friend of Jurnee Hoffmeyer, in accordance with FRCP 17, by and through his Attorney Herbert A. Sanders of The Sanders Law Firm, P.C., and for their Complaint state as follows:

## JURISDICTION

1.    This is a civil rights action in which Plaintiff seeks relief for Defendants' violations of rights secured by the *Civil Rights Act of 1871, 42 U.S.C. § 1983,* by the *Fourth and Fourteenth Amendments to the United States Constitution*, the *Michigan Civil Rights Act*, and the common law of the State of Michigan. Plaintiff seeks compensatory, exemplary, and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

2.    This Court has jurisdiction pursuant to *28 U.S.C. § 1331* wherein a federal question of law is presented by this cause of action.

3.    Plaintiff Jimmy Hoffmeyer is an African American man, and a resident of the State of Michigan.

4.    Plaintiff Jurnee Hoffmeyer is an African American minor child, and the daughter of Jimmy Hoffmeyer.

5.    Defendant Mount Pleasant Public Schools is an independent municipal corporation established by the *Michigan Revised School Code, Act 431 of*

*1976, MCL §§ 380.1 et. seq.,* located in the City of Mt Pleasant, State of Michigan.

6.     Librarian Moggs, at all times relevant hereto was an employee of Mt Pleasant Public Schools.

7.     Teacher Assistant Jacobs, at all times relevant hereto was an employee of Mt Pleasant Public Schools.

8.     The events giving rise to this cause of action occurred in Mt Pleasant Michigan, within the Western District of Michigan.

9.     The amount in controversy exceeds $1,000,000.00 exclusive of interest, cost, and attorney fees.

## FACTS

10.    Jurnee Hoffmeyer is a seven-year old African-American girl.

11.    At all times relevant hereto, she was a student at Ganiard Elementary, located within the Mt Pleasant Public Schools District.

12.    On or about March 24, 2021, a female student cut Jurnee's hair while they were on the school bus, without Jurnee's permission.

13.    The student used scissors she had taken from a classroom at the school.

14.    Thereafter, Mr. Hoffmeyer took his daughter to a beautician/barber, who provided Jurnee with an asymmetrical haircut in an effort to style her hair after the unauthorized haircut by the fellow student.

15.  A couple of days later, Jurnee returned home with nearly all of her hair cut off down to a couple of inches from her scalp.

16.  Jurnee's Library Teacher, Ms. Mogg had cut off her remaining hair with the assistance and/or acquiescence of Ms. Jacobs.

17.  Jurnee had long, curly hair prior to it being cut off.

18.  Ms. Mogg and Ms. Jacobs cut Jurnee's hair without Jurnee's permission, or the permission of her parents.

19.  Based upon information and belief, the Defendants had a policy, practice, or procedure that allowed the Defendants to cut the hair of minor African American children without the child and/or the parent's consent.

20.  At all times relevant hereto, Defendants acted under color of state law.

21.  The Defendants were aware of, or should have been aware of the policies, practices, and procedures that resulted in a deprivation of the Plaintiff's Constitutional rights.

22.  Though the Defendants were aware of the policies, practices, and procedures that ultimately resulted in a deprivation of the Plaintiff's Constitutional rights, the Defendants failed to appropriately address same.

23.  The Defendants failed to properly train, monitor, direct, discipline, and supervise their employees, and knew or should have known that the employees would engage in the complained of behavior given the improper

training, customs, procedures, and policies, and the lack of discipline that existed for employees.

24.   This cause of action is brought against Defendants in their individual capacities and their official capacities.

25.   The Defendants are not entitled to qualified immunity, or governmental immunity.

26.   The conduct of Defendants amounted to a "deliberate indifference" to a risk of injury to the Plaintiff.

27.   The conduct of Defendants was "obdurate" or "wanton," constituting a recklessness or callous neglect for the safety of Plaintiff.

28.   The Defendants' deliberate indifference was the "moving force" behind the injuries suffered by the Plaintiff.

29.   The Defendants violated clearly established constitutional rights of the Plaintiff, and are therefore not subject to qualified immunity.

30.   The facts as delineated herein, when viewed in the light most favorable to the Plaintiff, would permit a reasonable juror to find that: (1) the Defendants violated Plaintiff's constitutional rights; and (2) that the rights were clearly established.

31.   The contours of Plaintiff's rights were sufficiently clear that a reasonable official would understand that what they were doing violated those rights.

32.    By refusing or neglecting to prevent such deprivations and denials to Plaintiff

as delineated above, Defendants deprived Plaintiff of her rights, privileges,

and immunities as guaranteed by the *Constitution of the United States,*

including, but not limited to the *Fourth, Fifth and Fourteenth Amendments to*

*the Constitution.*

**COUNT I**
**VIOLATION OF THE FOURTEENTH**
**AMENDMENT TO THE U.S. CONSTITUTION**
**ACTIONABLE PURSUANT TO 42 USC §1983**

33.    Plaintiff hereby incorporates by reference each and every allegation in the

preceding paragraphs as though fully set forth herein.

34.    Pursuant to the Fourteenth Amendment:

*All persons born or naturalized in the United States, and subject*
*to the jurisdiction thereof, are citizens of the United States and of*
*the state wherein they reside. No state shall make or enforce any*
*law which shall abridge the privileges or immunities of citizens of*
*the United States; nor shall any state deprive any person of life,*
*liberty, or property, without due process of law; nor deny to any*
*person within its jurisdiction the equal protection of the laws.*

35.    Pursuant to 42 USC § 1983:

*Every person, who under color of any statute, ordinance,*
*regulation, custom or usage of any state or territory or the District*
*of Columbia subjects or causes to be subjected any citizen of the*
*United States or other person within the jurisdiction thereof to the*
*deprivation of any rights, privileges or immunities secured by the*
*constitution and law shall be liable to the party injured in an*
*action at law, suit in equity, or other proceeding for redress…*

36.  Defendants, through their own actions and/or policies, practices, procedures and supervision, or lack thereof, violated clearly established law and no reasonable official would believe the actions described herein were lawful.

37.  At all times relevant to this Complaint, Defendants, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants.

38.  Defendants violated Plaintiff's  federal constitutional rights secured by the 14th amendment to be free from discrimination, harassment and retaliation as a result of her race.

39.  Defendants are liable for the violation of Plaintiff's federal constitutional rights pursuant to 42 U.S.C. § 1983 in failing to provide proper supervision and training to prevent this type of unlawful, discriminatory abuse.

40.  As a direct and proximate result of the violation of Plaintiff's rights as alleged, she has suffered mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to her reputation, and loss of the ordinary pleasures of everyday life.

## COUNT II
## DELIBERATE INDIFFERENCE –
## VIOLATION OF DUE PROCESS
## AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION
## ACTIONABLE PURSUANT TO 42 USC §1983

41.   Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

42.   Defendants purposely and intentionally detained, accosted, assaulted, threatened physically abused, and battered the Plaintiff knowing that such use of force was unreasonable and unnecessary under the circumstances.

43.   Such actions constitute a violation under color of law of Plaintiff's fundamental substantive due process rights under *42 U.S.C. § 1983* and the *Fourth and Fourteenth Amendments to the United States Constitution*.

44.   Plaintiff's constitutionally protected rights that Defendants violated include her right to liberty protected in the substantive component of the Due Process Clause of the *Fourth and Fourteenth Amendment*, which includes personal safety, and her right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the *Fourteenth Amendment*.

45.   The Defendants owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive coercion or force.

46.   The Defendants owed Plaintiff a duty to be treated equally and without regard

to race or color; however, Defendants breached this duty.

47.    The Defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the *Fourth and Fourteenth Amendments to the United States Constitution* and to be free from deliberate indifference as to all of said rights, by unjustifiably detaining, accosting, assaulting, threatening, physically abusing, and battering the Plaintiffs.

48.    As a direct and proximate result of each Defendants' acts and/or omissions, the Plaintiff suffered severe injury.

49.    As a direct result of Defendants' acts, Plaintiffs have suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, posttraumatic stress disorder, injuries to her reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

**COUNT III**
**DELIBERATE INDIFFERENCE**
**TO THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS**
**THROUGH OFFICIAL CUSTOM, POLICY OR PRACTICE,**
**IN VIOLATION OF 42 U.S.C. § 1983**

50.    Plaintiff repeats and re-alleges the above paragraphs as though fully set forth herein.

51.  Acting under color of law and pursuant to official policy, custom or practice, Defendants knowingly, recklessly, with gross negligence, and deliberate indifference failed to instruct, supervise, control, and discipline on a continuing basis the Defendant employees.

52.  The Defendants' deprivation of Plaintiff's rights pursuant to official policy, custom or practice are inclusive of, but not necessarily limited to:

   a. Treating African Americans with disdain and contempt;

   b. Accosting African Americans;

   c. Assaulting African Americans;

   d. Battering African Americans;

   e. Exemplifying cognitive dissonance as it relates to African Americans;

   f. Exemplifying implicit negative social cognition as it relates to African Americans;

   g. Failing to diagnose and treat cognitive dissonance and implicit negative social cognition when being exemplified negatively toward African Americans.

53.  It was the duty of the Defendants, to implement and enforce rules and guidelines related to the foreseeable use of force, and to prevent unethical, unwarranted, excessive, illicit and illegal use of force.

54.  It was the duty of Defendants to maintain official customs, policies, and

practices that were not violative of the Plaintiff's civil and constitutional rights.

55. Defendants, failed to implement and/or enforce said guidelines, failed to maintain official customs, policies, and practices that were not violative of the Plaintiff's civil and constitutional rights, and said failures directly led to the foreseeable unlawful deprivation of Plaintiff's civil rights.

56. Defendants had power to prevent or aid in preventing the commission of the wrongs delineated herein; Defendants could have done so by reasonable diligence, but knowingly, recklessly, with gross negligence, and deliberate indifference failed or refused to do so.

57. Defendant Mt Pleasant Public Schools directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct the Defendant employees.

58. Said breach of Defendants' duties was the proximate cause of Plaintiff's injuries.

59. The conduct of the Defendants cited above was grossly negligent, deliberately indifferent and so reckless that it demonstrated a substantial lack of concern for Plaintiff's civil rights.

60. As a direct result of Defendants' acts, Plaintiff suffered injuries and damages, including, but not limited to, physical injuries resulting in, pain, suffering,

emotional distress, mental anguish, physical illness, medical expenses, injuries to reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT IV
## RACIAL DISCRMINATION
## IN VIOLATION OF THE MICHIGAN CIVIL RIGHTS ACT

61.   Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

62.   Defendants at all times relevant hereto, in accordance with *MCL 37.1102* were a *"place of public accommodation"* and/or *"place of public service"* as an institution whose services, facilities, privileges, advantages, and accommodations were extended, offered, or otherwise made available to the public; and a public facility managed by or on behalf of the state, or a political subdivision, established to provide service to the public.

63.   In accordance with *MCL 37.1102*, Defendants had a duty to Plaintiff not to deny her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of her race.

64.    Notwithstanding said duties and in willful violation thereof, the Defendants harassed and discriminated against Plaintiff, by subjecting her to humiliation and discrimination to which others were not subjected, all because of her race.

65.    Defendants breached each and every duty owed to the Plaintiff as delineated herein, by denying Plaintiff the benefits of the services, facilities, privileges, advantages, and accommodations of the Mt Pleasant Public Schools, and/or by subjecting her to discrimination to which others were not subjected.

66.    As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, unlawful abuse, psychological counseling and treatment, posttraumatic stress disorder, physical illness, medical expenses, injuries to her reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

**COUNT V**
**ETHNIC INTIMIDATION**
**IN VIOLATION OF MCL 750.147b**

67.    Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

68. The Defendants maliciously, and with specific intent to intimidate or harass the Plaintiff, because of her race and color, threatened the Plaintiff by word or act; and caused physical contact with the Plaintiff.

69. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, posttraumatic stress disorder, injuries to her reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

71. The acts of Defendants as described above constitute intentional infliction of emotional distress.

72. Defendants conduct, as set forth above was extreme and outrageous as to go beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

73. The conduct of Defendants as described above was wanton and/or intentional.

74. The acts of Defendants, as described above caused Plaintiff to suffer severe emotional distress and mental anguish.

75.   Such conduct on the part of the Defendants rose to the level of intentional infliction of emotional distress.

76.   Defendants knew or should have known that such conduct would inflict severe emotional distress on the Plaintiffs.

77.   Such conduct did in fact inflict emotional distress upon the Plaintiff.

78.   As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of reputation.

## COUNT VII
## ASSAULT & BATTERY

79.   Plaintiffs hereby re-allege and reasserts the allegations set forth in each preceding paragraph and incorporate same herein by reference.

80.   Defendants made an intentional and unlawful threat to do bodily injury to Plaintiff.

81.   The threat to Plaintiff was made under circumstances that created in her a well-founded fear of imminent peril.

82.   Defendants had the apparent ability to carry out the act if not prevented.

83.   The act was not prevented, and Defendants willfully and intentionally assaulted, and battered the Plaintiff.

84. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, psychological counseling and treatment, posttraumatic stress disorder, physical illness, medical expenses, injuries to her reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

**COUNT VIII**
**VIOLATION OF MICHIGAN'S**
**FREEDOM OF INFORMATION ACT**

85. Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

86. On May 3, 2021, Plaintiff served a FOIA request on Defendant Mt Pleasant Public Schools seeking the production of public records.

87. Thereafter, Defendant provided a final and incomplete response to the FOIA request.

88. Defendant did not provide all of the documents requested because it arbitrarily, capriciously and wrongfully asserted that some of its documents were excludable from the purview of FOIA.

89. Defendant is a public body as defined by MCL 15.232(d)(iii).

90.   Plaintiff requested in writing that Defendant produce public records, as defined by MCL 15.232(e).

91.   All of the public records requests are non-exempt from disclosure.

92.   Defendant arbitrarily and capriciously violated the FOIA by wrongfully withholding, in whole or in part, full disclosure of the public records sought.

93.   Plaintiff has wrongfully and unnecessarily incurred attorney fees, costs, and related expenses in bringing this matter before this Court.

WHEREFORE PLAINTIFFS REQUESTS that this court enter judgment against Defendants as follows:

   a. compensatory damages in whatever amount Plaintiff is found to be entitled;

   b. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay;

   c. an injunction prohibiting any further acts of retaliation, harassment or discrimination;

   d. an award of interest, costs, and reasonable attorney fees; and

   e. whatever other equitable relief appears appropriate at the time of trial.

## JURY DEMAND

Plaintiff, through his Attorney, hereby requests a trial by jury.


Respectfully submitted,


August 25, 2021                           /s/ Herbert A. Sanders
                                          **HERBERT A. SANDERS (P43031)**
                                          THE SANDERS LAW FIRM, P.C.
                                          Attorney for the Plaintiff
                                          615 Griswold, Suite 913
                                          Detroit, MI 48226
                                          haslawpc@gmail.com
                                          Phone:  (313) 962-0099